## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO,<br><br>    Plaintiff,<br><br>v.<br><br>J. Tom Baca (Officer Capacity),<br>Arnie Stadnick (Officer Capacity), and<br>Timothy Simmons (Officer Capacity).<br><br>    Defendants. | Case No._____ |

## **COMPLAINT**

Plaintiff International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, AFL-CIO ("Plaintiff" or "IBB") files this cause of action against Defendants seeking injunctive relief in aid of enforcing its international union constitution and as otherwise specified herein. In support of this Complaint, Plaintiff states as follows:

## **JURISDICTION AND VENUE**

1. This action is brought to prevent and remedy the consequences of a series of acts by Defendants. The actions at issue are violative of an international union's constitution and Defendants have proceeded with such actions despite clear instructions to cease the same. Defendants have been committing and are continuing to commit such actions against Plaintiff.

2. The Court has jurisdiction over this matter under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, as well as 28 U.S.C. § 1331.

3. The District of Kansas is the proper venue under 29 U.S.C. § 185(a).

## **PARTIES**

4. Plaintiff is an international union representing workers across the United States and Canada, including 45,655 members as of June 30, 2022. Plaintiff is headquartered in Kansas City, Kansas, at the address 753 State Ave Kansas City, Kansas 66101. Plaintiff is a "labor organization representing employees in an industry affecting commerce" within the meaning of Section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(2) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), and is a legal entity that may sue or be sued, under 29 U.S.C. § 185(b). [Ex. 1].

5. Defendant Baca is an Officer of the IBB, holding the position of International Vice President Western States Section. He may be served at 1401 Willow Pass Road, Ste. 870 Concord, CA 94520 or 344 Sunnyslopes Dr. Martinez, CA 94553. [Ex. 1].

6. Defendant Stadnick is an Officer of the IBB, holding the position of International Vice President Canadian Section. He may be served at #204, 10059-118th Street Edmonton, AB, CAN T5K 0B9 or 1852 Robertson Crescent SW Edmonton, AB, CAN T6W 1N7. [Ex. 1].

7. Defendant Simmons is an Officer of the IBB, holding the position of International Vice President Southeast Section. He may be served at 100 Country Club Dr., Ste. 203 Hendersonville, TN 37075 or 46 Eoline Pass, Centreville, AL 35042. [Ex. 1].

8. Collectively, Defendants Baca, Stadnick and Simmons are referred to herein as the "Three Defendant IVPs."

## BACKGROUND

9. Plaintiff restates and incorporates herein Paragraphs 1 through 8.

10. The matters at hand involve other individuals as discussed below.

11. Newton B. Jones is an Officer of the IBB, holding the position of International President.

12. William T. Creeden is an Officer of the IBB, holding the position of International Secretary-Treasurer.

13. Lawrence J. McManamon is an Officer of the IBB, holding the position of International Vice President Great Lakes Section.

14. John T. Fultz is an Officer of the IBB, holding the position of International Vice President Northeast Section.

15. Robert Lunsford is not an officer nor an employee of the IBB. Robert Lunsford holds a position with Boilermakers' District 57 based in Chattanooga, Tennessee.

16. Joseph Maloney is not an officer of the IBB. Joseph Maloney is a former International Vice President and he retired from such position in February 2019.

17. International President Jones was elected in 2003 to fill an unexpired term, then unanimously reelected as International President in 2006 and 2011. International President Jones was again elected in 2016 by an overwhelming margin and most recently re-elected as International President in July 2021 for a five-year term. [Ex. 1].

18. International President Jones' election in July 2021 was by the actions of approximately 300 delegates representing the body of the entire Boilermakers' membership from the United States and Canada. [Ex. 1].

19. The IBB and its subordinate bodies are governed by its Constitution, the most recent of which is referred to as the *Constitution of the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers, and Helpers, AFL-CIO as revised and adopted at the 34th Consolidated Convention held July 21, 2021* (the "Boilermakers' Constitution"). [Ex. 2].

20. The Boilermakers' Constitution is a "contract … between labor organizations," and hence enforceable in federal court under Section 301 of the LMRA.

21. The Three Defendant IVPs as officers can be sued under Section 301 of the LMRA as part of an equitable action. *See, e.g., Intl. Union of Elec., Elec., Salaried, Mach. & Furniture Workers, AFL-CIO v. Statham*, 97 F.3d 1416, 1421-22 (11th Cir. 1996) (Section 301 action can be brought by international unions against individual officers).

22. The Boilermakers' Constitution provides for the procedures for election of the International Officers and such procedures are patterned based on the requirements under Title IV of the Labor Management Reporting and Disclosure Act of 1959 ("LMRDA"), 29 U.S.C. § 401 *et seq.*

23. Plaintiff has an Executive Council. The Executive Council is composed of the International President and the International Vice Presidents, per Article 5.1. [Ex. 2]. The Three Defendant IVPs are three (3) of the six (6) members of the Executive Council.

**GENERAL ALLEGATIONS**

I. **The Charges and the Setting of the Investigation**

24. On April 14, 2023, International Vice-President Fultz filed internal union disciplinary charges against International President Jones ("April 14 Charges") [Ex. 3].

25. The April 14 Charges were filed under Article 17 of the Boilermakers' Constitution. [Exs. 2, 3].

26. Article 17 of the Boilermakers' Constitution is titled "Disciplinary Proceedings, Trials, and Appeals." Article 17 sets forth the grounds for potential charges and provides various provisions regarding the charging document, charge processing, notice, hearing, penalties and appeals. [Ex. 2]

27. Article 17 of the Boilermakers' Constitution is patterned in part based on legal requirements of Section 101 of the LMRDA, 29 U.S.C. § 401 *et seq.* Specifically, Section 101(a)(5) of the LMRDA provides "[n]o member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing." 29 U.S.C. § 411(a)(5).

28. By letter dated May 3, 2023, International President Jones appointed an "Article 17 Committee" in compliance with the Boilermakers' Constitution. International President Jones' letter appointed International Secretary-Treasurer Creeden and International Vice-President McManamon to the Article 17 Committee. The letter stated:

> Pursuant to my authority under Article 7.1.1, lines 26 through 28, I am appointing you to handle all matters arising out of … Article 17 Charges filed by IVP John Fultz against me. This is in accord with the provisions of Article 17.3.2 of the International Constitution, lines 19 through 22.
>
> In doing so, I empower you to exercise my relevant authority and, if necessary, an interpretation of the International Constitution as it applies to … the Article 17 Charges filed by IVP John Fultz. You are to exercise my relevant authority under Article 17 and act as a panel duly appointed by the International President pursuant to Article 5.2, lines 62 through 66.

[Ex. 4].

29. Article 17.3.2 of the Boilermakers' Constitution provides in pertinent part "[a]ny member of the Executive Council who is directly involved in the proceedings so that the Council member cannot function in an impartial manner shall not participate in the proceedings or be subject to challenge for cause." [Ex. 2].

30. Article 7.1.1 of the Boilermakers' Constitution provides in pertinent part "[t]he International President shall be empowered to designate any member of the International Brotherhood to perform any of the duties of the International President's office." [Ex. 2].

31. Article 5.2 of the Boilermakers' Constitution provides in pertinent part "[i]n all matters which are to be decided and acted upon by the Executive Council, a member or officer of the Brotherhood or a panel duly appointed by the International President may act in the matter with required report to the Executive Council for decision by the Executive Council." [Ex. 2].

32. On May 6, 2023, the Article 17 Committee acting through International Secretary-Treasurer Creeden, sent an email advising of their appointment. [Ex. 5].

33. On May 10, 2023, the Article 17 Committee sent a letter advising of receipt of the April 14 Charges and holding them in abeyance to undertake an investigation. [Ex. 6].

34. Overall, in response to the April 14 Charges being brought against him, International President Jones removed himself from the matter by appointing the Article 17 Committee, and the Article 17 Committee set April 14 Charges for further investigation. The Three Defendant IVPs, seemingly dissatisfied with the process established pursuant to the Boilermakers' Constitution, proceeded on a course of action which violated multiple Articles in the Boilermakers' Constitution.

6

**II.     The Actions of the Three Defendant IVPs**

35. On May 6, 2023, an email was sent by Defendant Simmons, purporting to set an Executive Council meeting for May 12, 2023. The email declared "[a]ny action taken by the International President with respect to the charges against him are null and void since the Executive Council has exclusive authority under Article 17.3.2." [Ex. 7]

36. The May 6, 2023 attempt to call an Executive Council meeting is not supported by the plain language of the Constitution. Article 5.8 is controlling. It provides: "The Executive Council shall meet on call of the International President as conditions warrant, but shall meet at least semi-annually, and shall meet immediately preceding and following each Convention." [Ex. 2, 7].

37. The May 6, 2023 attempt to call an Executive Council meeting was in direct conflict with the action already taken by International President Jones to appoint an Article 17 Committee.

38. The May 6, 2023 attempt to render actions by the International President "null and void" is not supported by the plain language of the Constitution. Nothing in the Constitution permits a single international vice president to render any action by the International President "null and void."

39. Despite the foregoing, a conference call was apparently held on May 12, 2023. The believed attendees were the Three Defendant IVPs and Vice-President McManamon and Vice-President Fultz. [Ex. 8].

40. On May 12, 2023, it was raised by International Vice-President McManamon at the beginning of the conference call that the call "is not an official IEC Meeting" and that

statement was rejected. Article 5.8 of the Constitution is controlling as previously stated and was violated by the Defendants proceeding forward. [Ex. 8].

41. On May 12, 2023, a purported motion was raised and apparently passed to "disqualify" President Jones "from performing any role assigned to the International President in processing the charges filed against him on April 14, 2023." Such purported motion shall be referred to herein as the "Purported Disqualifying Motion." [Ex. 8].

42. The continuation of the call on May 12, 2023 and the Purported Disqualifying Motion are not supported by the plain language of the Constitution.

43. On May 12, 2023, a purported motion was raised and apparently passed "to appoint Robert Lunsford to perform the International President's role designated under Article 17 in the International Constitution in processing the pending charge dated April 14, 2023, against the current International President." Such purported motion shall be referred to herein as the "Purported Appointing Motion." [Ex. 8].

44. The continuation of the call on May 12, 2023 and the Purported Appointing Motion are not supported by the plain language of the Constitution.

45. Mr. Lunsford is not an officer of the IBB. There is no constitutional authority for a subset of international vice presidents to appoint another person to serve as the International President.

46. On May 16, 2023, a purported "NOTICE OF INFORMAL AND FORMAL MEETING" was sent by Mr. Lunsford. Mr. Lunsford's email stated:

> On May 12, 2023, I was appointed by the Executive Council to perform the role designated for the International President in processing the charges pending against International President Jones because he is disqualified from involvement because the current charges allege financial misconduct against him. After reviewing the charges, I have concluded that they are timely and sufficiently specific. The informal hearing in this

> matter is scheduled for May 30, 2023, 8:00 am at Hilton Garden Inn Kansas City Airport, Kansas City Missouri. If the matter is not resolved at the informal hearing, the matter will proceed directly that afternoon at 1:00pm to a formal hearing before the Executive Committee at the same location.
>
> [Ex. 9].

Such purported notice shall be referred to herein as the "Purported Meeting Notice."

47. The Purported Meeting Notice and actions of Mr. Lunsford are not supported by the plain language of the Constitution. The Purported Meeting Notice and actions of Mr. Lunsford violated the Constitution in that Purported Meeting Notice was not properly provided and further the notice was not "at least fifteen (15) days notice" as required by Article 17.2.2.

48. On May 19, 2023, Mr. Lunsford sent an email purporting to assign Mr. Joseph Maloney as the "hearing officer" for a "hearing." [Ex. 10]. Such purported assignment shall be referred to herein as the "Purported Hearing Officer Assignment."

49. The Purported Hearing Officer Assignment and actions of Mr. Lunsford are not supported by the plain language of the Constitution.

**III. The Article 17 Committee Continued Its Work**

50. During the time these extra-constitutional actions were taken by Three Defendant IVPs and Mr. Lunsford, the Article 17 Committee, appointed by the letter dated May 3, 2023, proceeded within its authority under the Constitution. Specifically, the Article 17 Committee of International Secretary-Creeden and/or International Vice-President McManamon sent the following correspondence:

   a. May 11, 2023 letter offering Vice-President Fultz and other officers the opportunity to review documents. [Ex. 11].

    b. May 16, 2023 letter advising of steps that will be taking during the investigation. [Ex. 12].

    c. May 18, 2023 letter directing Vice-President Fultz to provide details regarding his allegations and documentary evidence. [Ex. 13].

51. Additional correspondence was sent by the Article 17 Committee in advance of the so-called "hearing" advising that the "hearing" is unauthorized and the Charges remain held in abeyance subject to further investigation. [Exs. 14, 15].

52. The actions by the Article 17 Committee were consistent with, and in an effort to ensure, the Boilermakers' Constitution was followed and the requirements of the LMRDA were followed. Specifically:

    a. The May 3, 2023 panel appointment was consistent with Articles 5.2, 7.1.1., and 17.3.2.;

    b. The May 10, 2023 abeyance ruling on the Charges was consistent with Articles 5.2, 7.1.1., and 17.2.3; and

    c. The May 16, 2023 and May 18, 2023 letters were consistent with the Boilermakers' Constitution and consistent with the requirements of the LMRDA to afford members safeguards against improper disciplinary action.

53. As it relates to the prior paragraph, LMRDA Section 101(a)(5) provides "Safeguards Against Improper Disciplinary Action" requiring "[n]o member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a

full and fair hearing." 29 U.S.C. § 411(a)(5); <u>See</u> *Boilermakers v. Hardeman*, 401 U.S. 233, 245 (1971) (reaffirming a union member's right to "written specific charges").

54. The May 18, 2023 letter from the Article 17 Committee sought to require Vice-President Fultz to provide specific allegations to ensure the April 14 Charges provide clear notice of particulars, such as times, places and names. <u>See, e.g.,</u> *Gleason v. Chain Serv. Rest.*, 300 F. Supp. 1241, 1252 (S.D.N.Y. 1969), *aff'd,* 422 F.2d 342 (2d Cir. 1970).

55. A full and fair hearing requires a decision-making body that is impartial. <u>See, e.g.,</u> *Bishop v. Intl. Ass'n of Bridge, Structural, Ornamental and Reinforcing Iron Workers*, 310 F. Supp. 2d 33, 43 (D.D.C. 2004) (finding panel impartial where eight of the twelve jurors who heard the charges had previously signed a petition circulated demanding the charged member's removal).

56. The lack of impartiality of Three Defendant IVPs is demonstrated by:

   a. On or about April 1 and 2, 2023, the Three Defendant IVPs attempted to usurp the exclusive authority of the International President, under Article 5.8 of the Boilermakers' Constitution, by attempting to call Executive Council meetings;

   b. On or about April 1, 2023, the Three Defendant IVPs attempted to call an Executive Council meeting without giving notice to the International President;

   c. On or about April 2, 2023, the Three Defendant IVPs attempted to call an Executive Council meeting without providing the International President adequate notice;

   d. On or about April 1 and 2, 2023, the Three Defendant IVPs attempted to take extra-Constitutional action to limit the authority of the International President, in

11

> violation of the Boilermakers' Constitution and without providing the International President due process;

e. On or about May 6, 2023, the Three Defendant IVPs once again attempted to call an Executive Council meeting for May 12, 2023 "to consider the handling of charges preferred against International President Jones," in violation of Article 5.8 of the Boilermakers' Constitution;

f. On or about May 12, 2023, the Three Defendant IVPs conducted a meeting in violation of Article 5.8 of the Boilermakers' Constitution;

g. On or about May 12, 2023, the Three Defendant IVPs assigned Mr. Robert Lunsford, who is not an officer of the IBB "to perform the designated for the International President" in violation of Articles 4, 5 and 7 of the Boilermakers' Constitution;

h. On or about May 19, 2023, Mr. Lunsford at the direction of the Three Defendant IVPs, purported to assign a former member of the Executive Council, Mr. Joseph Maloney, to act as a "hearing officer regarding charges filed against President Jones" in violation of Articles 5, 7 and 17 of the Boilermakers' Constitution; and

i. Upon information and belief, that on or about May 30, 2023, Mr. Maloney, at the direction of the Three Defendant IVPs conducted an extra-Constitutional purported hearing where the Three Defendant IVPs positioned themselves as supposed decision makers despite their partiality, all in violation of Articles 5, 7 and 17 of the Boilermakers' Constitution.

57. That through the actions set forth above, the Three Defendant IVPs have demonstrated their lack of impartiality and cannot hold a legally required full and fair hearing as mandated by 29 U.S.C. §411(a)(5).

58. On May 30, 2023, the unauthorized hearing went forward at the direction of Three Defendant IVPs despite all of the foregoing violations.

## BREACH OF CONSTITUTION/INJUNCTIVE RELIEF

59. Plaintiff restates and incorporates herein Paragraphs 1 through 58.

60. By its acts and conduct, Defendants have failed and refused to honor the requirements of the Constitution.

61. As a result of Defendants' refusal to honor its Constitutional obligations, immediate and irreparable harm is threatened and will occur unless this Court takes action to prevent such harm.

62. Specifically, the IBB will suffer irreparable harm because the actions by the Defendants seek to:

　　a. Undermine the authority of the International President and Article 17 Committee;

　　b. Attempt to undermine the ongoing investigation of the Article 17 Committee and render such investigation ineffective;

　　c. Attempt to impose internal union discipline within short period of time based on allegations which fail to specify times, places and names;

　　d. Attempt to impose internal union discipline before a partial hearing panel;

　　e. Take actions which violate the Constitution and violate the LMRDA.

63. If injunctive relief is not provided, the actions of Defendants will create fractured form of international union governance.

64. If injunctive relief is not provided, the will of the delegates of the Convention in electing their International President could be upended by the Constitutionally violative actions of a few. Any forthcoming decision of the Defendants should be enjoined.

65. Without a stay of the actions of Defendants, any result of the investigation may be hollow and will have already caused significant disruptions as stated herein. Therefore, injunctive relief is necessary to maintain the status quo until the Article 17 Committee's process can be completed.

66. The circumstances are such that injunctive relief is proper. Other cases involving union discipline demonstrate investigations can take some time. Further, the allegations at issue in the April 14 Charges, as best as can be discerned, apparently stem from alleged actions from many years past and nothing suggests such alleged violations are ongoing.

67. Defendants have failed and refused to cease in their actions.

68. Defendants have impermissibly attempted to read language into the Constitution which is not present and render interpretations without any authority to do so.

69. Plaintiff lacks an adequate remedy at law and will suffer immediate and irreparable injury if the Court does not stay such actions.

70. The balance of harms favors Plaintiff because the actions by the Defendants seemingly seek to upend the five-year election term of an International President, who is being prosecuted on allegations from years' past and in a manner violative of the Constitution, without any interpretation being rendered to the contrary. There is no risk that an investigation will not proceed, nor has any such allegation been levied, and the investigation is proceeding by the Article 17 Committee.

71.     Granting an injunction will favor the public interest in allowing for completion of the investigation and will be in accordance with the statutory mandate of the LMRDA.

**WHEREFORE**, Plaintiff prays that the Court:

(1)     Issue a declaratory judgment that:

    a.  Defendants' failure to recognize and adhere to the Boilermakers' Constitution is in violation of the LMRA and risks creating a violation of the LMRDA; and

    b.  Defendants' failure to recognize and adhere to the Article 17 Committee's appointment and investigation process violates the Boilermakers' Constitution;

(2)     Assume and maintain jurisdiction of this case pending the outcome of the Article 17 Committee's review and investigation;

(3)     Enter a preliminary and thereafter permanent injunction requiring Defendant to:

    a.  Cease all violative actions in order to preserve the status quo; and

    b.  Take no further actions to undermine or subvert the Article 17 Committee process;

    c.  Take no action in furtherance of the purported "hearing" held on May 30, 2023;

    d.  Cease any further attempts to call impermissible Executive Council meetings; and

(4)     Grant Plaintiff such other relief that the Court may deem just and proper.

Dated:  May 30, 2023

                                      Respectfully submitted:


                                      /s/ Michael E. Amash
                                      Michael E. Amash
                                      Blake & Uhlig, P.A.
                                      6803 West 64th Street, Ste 300
                                      Overland Park, KS 66202
                                      Phone: (913) 321-8884
                                      Fax: (913) 321-2396
                                      Email: mea@blake-uhlig.com
                                      ATTORNEYS FOR PLAINTIFF