# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS, FORGERS AND HELPERS, an unincorporated association,<br><br> *Plaintiff,*<br><br>vs.<br><br>J. TOM BACA (officer capacity), TIM SIMMONS (officer capacity), ARNIE STADNICK (officer capacity),<br><br> *Defendants.*<br><br>AND<br><br>J. TOM BACA (officer capacity), TIM SIMMONS (officer capacity), ARNIE STADNICK (officer capacity), JOHN T. FULTZ (officer capacity),<br><br> *Counter/Third-Party Plaintiffs,*<br><br>vs.<br><br>INTERNATIONAL BROTHERHOOD OF BOILERMAKERS, IRON SHIP BUILDERS, BLACKSMITHS, FORGERS AND HELPERS, an unincorporated Association, NEWTON B. JONES, KATERYNA JONES, and WILLIAM B. CREEDEN,<br><br> *Counter/Third-Party Defendants.* | Case No. 23-2250-EFM |

**INTERIM PRELIMINARY INJUNCTION**

This order is restatement of this Court's ruling from the bench on June 20, 2023. Before the Court are cross Motions for Temporary Restraining Orders and for Preliminary Injunctions by Plaintiff International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers, and Helpers ("IBB") and the Counter/Third-Party Plaintiffs J. Tom Baca, Tim Simmons, Arnie Stadnick, and John T. Fultz (Docs. 5 and 33). The Court grants each Motion in part and denies them in part. The injunctive relief ordered by the Court is listed below, reflecting this Court's effort to preserve the status quo and eliminate pressing emergencies prior to a more comprehensive resolution of this matter.

## I.     Factual and Procedural Background

IBB is a union with roughly 50,000 members throughout the United States and Canada. IBB's Executive Council consists of the IBB President and the five Vice-Presidents (Baca, Simmons, Stadnick, Foltz, and Lawrence J. McManamon). The President and VPs are union elected officers. This case stems from IBB President Newton Jones' alleged misuse of union funds. Fultz initially brought charges against Jones, claiming that Jones had funneled hundreds of thousands of dollars to his Ukrainian wife, Kateryna Jones, for work she never performed.

Upon hearing these charges, Jones announced that he created a committee—dubbed the Article 17 committee by IBB's counsel—to investigate the charges against him and appointed certain members to that committee. One of those members was William Creedom, IBB's Secretary Treasurer who had authorized the payments to Jones' wife.

Claiming that Jones' appointed committee was illegitimate under the IBB's constitution, Baca, Simmons, and Stadnick appointed a third party, Robert Lungsford, to perform the duties of the President solely in regard to the procedure for hearing charges against Jones.

On May 30, 2023, that hearing for charges against Jones took place. Baca, Simmons, and Stadnick acted as the tribunal, with Fultz presenting evidence against Jones. McManamon recused himself. Jones did not attend, sending two representatives in his place. When given the opportunity to put on evidence on Jones' behalf, those representatives declined. Baca, Simmons, and Stadnick, acting for the Executive Council, issued a written decision on June 2, 2023, finding Jones guilty of violation of the IBB's Constitution, removing him from the office of President and stripping him of his IBB membership.

Jones decried the legitimacy of this proceeding, refused to step down as president, and quickly began a pattern of retaliation against the VPs who partook in the hearing by removing them from committee and trustee appointments. He also brought internal charges against Baca, Simmons, Stadnick, and Fultz, alleging that it was in fact they who violated the IBB's Constitution.

Shortly after, Jones—claiming to act on behalf of the IBB itself—initiated this present action against Baca, Simmons, and Stadnick. He sought injunctive relief nullifying the June 2 decision and prohibiting further action against him as IBB President.

In response, Baca, Simmons, and Stadnick, now joined by Fultz, asserted counterclaims against Jones, his wife, and Creeden. They also requested a temporary restraining order or preliminary injunction against Jones to prevent him from removing them from committees or bringing charges against them.

On June 22, 2023, the Court held a hearing to decide the Motions. Jones did not attend. At the hearing, the Court determined that, from the facts of the case, the central issue presented is who controls IBB—Jones or the Executive Council. Because this is an open question as this stage in the case, the Court opined that IBB itself cannot take a side. Therefore, for IBB's counsel, who represented to the Court that he represented IBB and not Jones, to participate on one side of the

central issue would be a conflict of interest.[1]  Accordingly, the Court concluded that IBB's counsel could still represent IBB's interests at the hearing, but they could not argue for Jones' interpretation of the IBB's constitution.  Because Jones had failed to hire any counsel to represent himself and he failed to appear in person, Jones was unrepresented at the hearing.

Given that there was no one to argue on Jones' behalf, IBB's counsel moved to continue the hearing until Jones could obtain counsel.  In the meantime, the Court noted that it still had to address the emergency nature of the case and asked the parties for recommendations.  The parties agreed that it would be best to preserve the status quo pre-May 30, 2023, until the Court could rule on the pending issues in this case.  However, they also agreed that certain restrictions on Jones' presidential powers would be suitable to prevent him from potentially abusing his position.

## II.   The Court's decision

After discussion with the parties, the Court issued the following preliminary injunctions[2] to essentially "freeze" the situation until proper resolution of the parties' claims:

1. The June 2, 2023, decision by the Executive Council removing Jones from office and membership in the IBB is abated pending subsequent resolution of this matter.

2. Jones' removal of the VPs from their committees and trustee positions is abated and vacated pending subsequent resolution of this matter.

3. Jones is prevented from any attempt to remove members of the Executive Council from such positions or taking other retaliatory action against them.

---

[1] The Defendants never raised this issue in any of their briefing, leaving it for the Court to address *sua sponte* at the hearing.

[2] Both parties moved for a Temporary Restraining Order and a Preliminary Injunction.  Because the hearing was not *ex parte* (although it was ultimately determined that Jones was not represented), and because the parties sought more time before the next hearing than a TRO would allow, the Court is entering an Interim Preliminary Injunction rather than a Temporary Restraining Order.

4. All other proceedings involving charges against either Jones or the VPs are abated pending subsequent resolution of this matter, including Jones' Article 17 committee and any internal charges against the VPs.

5. Jones may not travel internationally except to Canada, and then only for business purposes.

6. Jones may not use his IBB credit cards.

7. To the extent Jones incurs business expenses which he believes are reimbursable by the IBB, he shall demonstrate the business purposes of those expenses to the Executive Council's satisfaction before reimbursement. The Executive Council must exercise good faith in allowing reimbursement of bona fide business expenses.

These measures, though necessary, are ill-fitted for the long-term. Thus, a hearing to address the remaining matters raised in the cross motions for injunctions will be held July 27 at 1:00pm. The Court specifically noted that Jones will be expected to attend the July 27 hearing.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction (Doc. 5) is **GRANTED in part** and **DENIED in part.**

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction (Doc. 33) is **GRANTED in part** and **DENIED in part.**

**IT IS SO ORDERED.**

Dated this 22nd day of June, 2023.

*[signature]*
ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE