IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

J. TOM BACA (officer capacity), TIM SIMMONS (officer capacity), ARNIE STADNICK (officer capacity), JOHN T. FULTZ (officer capacity),

    *Plaintiffs,*

vs.

NEWTON B. JONES

    *Defendant.*

Case No. 23-2250-EFM-TJJ

**MEMORANDUM AND ORDER**

Before the Court are Defendant Newton B. Jones' Motion for Entry of a Final Judgment (Doc. 108) and Renewed Motion for Entry of a Final Judgment (Doc. 119) pursuant to Fed. R. Civ. Proc. 54(b).[1] Defendant seeks this relief after the Court granted summary judgment to Plaintiffs on Count I, breach of the International Brotherhood of Boilermakers ("IBB") Constitution. Because the order granting summary judgment on Count I is final and there is no just reason for delay, the Court grants Defendant's Motions.

---

[1] The parties recently recaptioned the case to accurately reflect the current state of the case.

## I.   Factual and Procedural Background

The facts, issues, and procedural history of this case were fully recounted in this Court's order[2] (Doc. 104) granting summary judgment to Plaintiffs on their Count I. Defendant appealed that decision. At present, the Tenth Circuit has declined to exercise jurisdiction until the Court ruled on Defendant's pending motions. Therefore, the Court will address Defendant's Motions together at this time.

## II.   Legal Standard

Under Rule 54(b), when multiple claims or parties are involved in an action, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."[3] In deciding a Rule 54(b) motion, the Court must consider "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [are] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."[4] The limited purpose of the rule is "to provide a recourse for litigants when dismissal of less than all their claims will create undue hardships."[5] To conclude that a Rule 54(b) certification is appropriate, the Court must make two express findings: "(1) that the judgment is

---

[2] The order is available on Westlaw as *Int'l Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers, AFL-CIO v. Baca*, 2023 WL 5334626 (D. Kan. 2023).

[3] Fed. R. Civ. P. 54(b).

[4] *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)).

[5] *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001).

final, and (2) that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case."[6]

To be final, an order "must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action."[7]  Claims are considered disposed of if they are "distinct and separable from the claims left unresolved."[8]  There is no hard-and-fast rule for determining whether claims are separable, but courts should " 'consider whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible.' "[9]

In deciding if the second element of certification is met, the Court "must take into account judicial administrative interests as well as the equities involved."[10]  Ultimately, the rule should preserve the " 'historic federal policy against piecemeal appeals.' "[11]  The Court should act as a "dispatcher" in weighing the policy of preventing piecemeal appeals against the inequities that could result from a delayed appeal.[12]  "Rule 54(b) is not intended to provide a mechanism for splitting multiple claims into separate lawsuits."[13]  The determination of whether there is no just cause for delay has been characterized as a balancing test that involves weighing the " 'policy of

---

[6] *Deffenbaugh Indus., Inc. v. Unified Gov't of Wyandotte Cnty./Kansas City, Kansas*, 2022 WL 2438382, at *1 (D. Kan. , 2022), *aff'd sub nom. Deffenbaugh Indus., Inc. v. Unified Gov't of Wyandotte Cnty., Kansas City, Kansas*, , 2023 WL 4363439 (10th Cir. 2023) (further citations omitted).

[7] *Okla. Turnpike Auth.*, 259 F.3d at 1242 (further citation and quotations omitted).

[8] *Id.* at 1243.

[9] *Inola Drug, Inc. v. Express Scripts, Inc.*, 390 F. App'x. 774, 776 (10th Cir. 2010) (quoting *Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005)).

[10] *Curtiss-Wright*, 446 U.S. at 8.

[11] *Id.* (quoting *Curtiss-Wright*, 446 U.S. at 8).

[12] *Curtiss-Wright*, 446 U.S. at 8.

[13] *Jordan*, 25 F.3d at 829.

preventing piecemeal appeals against the hardship or injustice that might be inflicted on a litigant because of the delay.' "[14]

### III.     Analysis

Here, entry of final judgment as to Plaintiffs' Count I is appropriate.  First, the Court's grant of summary judgment to Plaintiffs disposed of an individual claim that was distinct and separable from the remaining claims.  Originally, Plaintiffs brought three counts total.  Count I alleged that Jones breached the IBB Constitution and requested a declaration that the June 2, 2023 decision removing Jones was valid.  In contrast, Counts II and III dealt with retaliation and breach of fiduciary duties by misappropriation of funds.

The Court's ruling on the decision to remove Jones rests on solely procedural issues, namely interpretation of the IBB Constitution's provision regarding the power of the Executive Committee to remove the International President.  Counts II and III, conversely, rely on factual questions and legal issues that were irrelevant to Count I.  Thus, the Court finds that Count I is a distinct and separable claim from Counts II and III.

Additionally, the Court's resolution of Count I resolved the legal issues raised in IBB's original complaint.[15]  Even though IBB stipulated to dismissal of its Complaint, the legal issues involve interpreting the same provisions the Court considered for Count I.  In other words, even though IBB's claims were dismissed without prejudice, they are "resolved" for all practical purposes.  Accordingly, the Court need not determine that Count I is distinct and separable from those claims for it to find that the order granting summary judgment is final.

---

[14] *McKibben v. Chubb*, 840 F.2d 1525, 1528 (10th Cir.1988) (quoting *United Bank of Pueblo v. Hartford Accident & Indent. Co.*, 529 F.2d 490, 492 (10th Cir.1976)).

[15] *See* Doc. 104 (outlining the complicated procedural history of this case).

Second, the Court finds that there is no just reason for delaying review of the Court's decision as to Plaintiffs' Count I, which resolves the core of the parties' dispute.  First, the danger of piecemeal is slight or nonexistent.  The parties agree that designating the Court's Order as final under Rule 54(b) will as a practical matter substantially advance the resolution of the action. The Court concurs, finding that an immediate appeal would advance the goals of Rule 54(b) by avoiding unnecessary hardship and promoting judicial efficiency.  Appellate review would resolve any issues related to interpretation of IBB Constitution, and such issues need not be revisited on any subsequent appeal.  Furthermore, the hardship Jones would experience from delaying appellate review is great.  Already, Jones' has been removed from his position as International President of IBB, losing salary, health insurance, and reputation.  Should the Tenth Circuit disagree with this Court's interpretation of the IBB Constitution and reverse the June 2, 2023 decision, Jones will have experienced this hardship unduly.  Thus, the Court finds that no just reason for delay exists.  Because there is no just reason for delay, the Court will enter final judgment as to its ruling on Count I.

**IT IS THEREFORE ORDERED** that Jones' Motion for Entry of a Final Judgment (Doc. 108) and Renewed Motion for Entry of a Final Judgment (Doc. 119) are **GRANTED**.

**IT IS FURTHER ORDERED** that the Court directs the entry of Final Judgment as to Count I of Plaintiffs' Counterclaims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated this 5th day of December, 2023.

                                              ERIC F. MELGREN
                                              CHIEF UNITED STATES DISTRICT JUDGE